FILED
CLERK
7/11/2016 10:59 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DR. CHINWE OFFOR,
          Plaintiff,

-against-

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION and KEVIN BERRY,
          Defendants.
----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
15-cv-3175 (ADS)(ARL)

**APPEARANCES:**

**Ike Agwuegbo, Esq.**
*Attorney for the Plaintiff*
575 Lexington Avenue, 4th Floor
New York, NY 10022

**U.S. E.E.O.C. Office of Legal Counsel**
*Attorneys for the Defendants*
131 M Street, Ne
Washington, DC 20507
      By: Colleen A. Jackson, Assistant Legal Counsel

**The United States Attorneys Office, E.D.N.Y.**
*Attorneys for the Defendants*
610 Federal Plaza
Central Islip, NY 11722
      By: James Halleron Knapp, Assistant United States Attorney

**SPATT, District Judge**.

      On June 2, 2015, the Plaintiff Dr. Chinwe Offor (the "Plaintiff") commenced this action against the Defendants the Equal Employment Opportunity Commission ("EEOC") and Kevin Berry ("Berry" and collectively, the "Defendants") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), alleging that the EEOC failed to adequately respond to the Plaintiff's March 10, 2015 request for a copy of her EEOC charge file.

1

Presently before the Court is a motion by the Defendants to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction and in the alternative, for summary judgment pursuant to Rule 56.

For the following reasons, the Court grants the Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction.

## I. BACKGROUND

### A. As to FOIA

"FOIA was enacted to promote honest and open government . . . and to ensure public access to information created by the government in order to hold the governors accountable to the governed." Long v. Office of Pers. Mgmt., 692 F.3d 185, 190 (2d Cir. 2012) (internal quotation marks and citations omitted). To that end, FOIA "requires the government to disclose its records unless its documents fall within one of the specific, enumerated exemptions set forth in the Act." Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 355 (2d Cir. 2005); see also 5 U.S.C. § 552(a)(3), (b)(1)-(9).

"'Individual federal officials are not proper defendants in a FOIA action because it is the agency's responsibility to produce records.'" Litchmore v. Moran, No. 14-CV-4180 (SLT), 2014 WL 4161707, at *3 (E.D.N.Y. Aug. 19, 2014) (quoting Mancuso v. U.S. E.P.A., No. 5:12–CV–1027 (LEK/TWD), 2012 WL 6765360, at *4 (N.D.N.Y. Nov.5, 2012)); see also Germosen v. Cox, No. 98 CIV. 1294 (BSJ), 1999 WL 1021559, at *20 (S.D.N.Y. Nov. 9, 1999) ("[T]here is no authority in the FOIA or Privacy Act obligating non-government organizations or private individuals to maintain or make available documents to the public.") (collecting cases).

It is undisputed that the Defendant EEOC is a federal agency subject to FOIA. However, the Defendant Berry, the District Director of the New York Office of the EEOC, is an individual

and therefore, not a proper Defendant in this matter. Accordingly, at the outset, the Court dismisses the claims against Berry and analyzes the sufficiency of the complaint solely with regard to the EEOC.

**B. As to the Alleged Facts and Procedural History**

On March 10, 2015, the EEOC received a request from the Plaintiff under the provisions of FOIA for a copy of the Plaintiff's case file in connection with a charge of discrimination she had previously filed with the EEOC against her former employer Mercy Medical Center ("MMC"). (See Williams' Sept. 15, 2015 Decl., Ex. 1.)

On March 11, 2015, Berry sent a letter to the Plaintiff acknowledging receipt of the Plaintiff's request but noting that the Plaintiff's request was not "perfected" because under EEOC regulations, the EEOC would not produce a case file under FOIA until the Plaintiff also submitted a copy of the federal complaint that she filed against MMC arising from her discrimination charge. Accordingly, Berry set a deadline of March 25, 2015 for the Plaintiff to send the EEOC a copy of the complaint she filed against MMC. (See id. at Ex. 2.) The parties do not specify whether the Plaintiff ultimately sent a copy of her complaint against MMC to the EEOC.

In any event, on April 14, 2015, Berry sent a follow-up letter to the Plaintiff indicating that it had received her FOIA request and would issue a determination on her request on or before May 12, 2015. (See id. at Ex. 3.)

On April 20, 2015, the Plaintiff commenced a related action in this Court against MMC, among other Defendants, alleging that she was discriminated against on the basis of her race (African-American) and national origin ("Nigerian") while employed as a Neonatologist at MMC (the "Discrimination Action"). (See Compl., 15-cv-2219, Dkt. No. 1.)

3

On May 13, 2015, Berry sent the Plaintiff a letter stating:

At this time we are unable to grant your request, because the records you seek, we are unable to locate. We have no choice after a thorough search but to consider this file lost. The EEOC will continue to look for the information requested and if found we will provide you with the information.

(Williams' Sept. 15, 2015 Decl., Ex. 3.)

As noted, on June 2, 2015, the Plaintiff commenced the present action against the Defendants. She seeks a declaratory judgment stating that the Defendants violated FOIA and directing the Defendants to "provide the requested electronic documents to the Plaintiffs." (Compl. at ¶ 23.) In addition, the Plaintiff requests "[s]pecial [c]ounsel . . . to investigate the question of whether agency personnel have acted unlawfully, arbitrarily, and or/capriciously and to impose disciplinary action." (Id.) She also seeks an award of attorneys' fees and an injunction preventing the Defendants "from refusing to comply with subsequent requests for similar documents." (Id.)

On August 3, 2015, the EEOC issued a revised determination on the Plaintiff's FOIA request. (Williams' Sept. 15, 2015 Decl. at ¶ 10.) To that end, EEOC released a total of 235 pages from the Plaintiff's case file and withheld no pages. (Id.) However, the EEOC redacted three internal EEOC forms which purportedly contained information exempt from disclosure under FOIA. (Id.) The letter further informed the Plaintiff that she could appeal the decision in writing within thirty days to the Office of Legal Counsel, FOIA Programs, Equal Opportunity Commission. (Id. at Ex. 5.)

## II. DISCUSSION

The Defendants move to dismiss the complaint as moot because the EEOC produced to the Plaintiff the documents that she requested under FOIA. (See the Defs.' Mem. of Law at 5–

4

6.)  They further assert that summary judgment is also appropriate because the Plaintiff failed to exhaust her administrative remedies.  (See id. at 9.)

The Plaintiff opposes the Defendants' motion by filing a 14-page single-spaced memorandum of law.  This memorandum is a violation of Local Civil Rule 11.1(b), which sets forth minimum standards for the legibility of documents filed in this District, including the requirement that all documents be "double-spaced, except for headings, text in footnotes, or block quotations."

Although the Court declines to grant the Defendants' motion solely on this basis, the Court advises the Plaintiff's counsel to abide by the formatting requirements of the Local Civil Rules in future filings with this Court.  See P.G. ex rel. D.G. v. City Sch. Dist. of New York, No. 14 CIV. 1207 (KPF), 2015 WL 787008, at *1 (S.D.N.Y. Feb. 25, 2015)  ("[I]t is clear that Plaintiffs' counsel abused the page limit and violated the Local Rules by reducing the line spacing to slightly less than double-spaced. This meant that rather than having 23 lines per page, Plaintiffs had 27 lines per page. In so doing, Plaintiffs' counsel accorded themselves approximately 200 extra lines of text, or over 8.5 extra pages, onto an already-enlarged page limit. Such amateurish tricks are inappropriate for college term papers; they certainly have no place in federal court.") (emphasis added).

As to the merits, the Plaintiff appears to assert in opposition to the Defendants' motion that (i) her claims are not moot because the Defendants produced to the Plaintiff a "made up" case file; (ii) even if the EEOC's production of documents to the Plaintiff did moot some of her claims, she asserts other claims for relief, which she contends are not mooted; (iii) she was not required to exhaust her claims once she filed a complaint in this action; and (iv) she quotes from a purported letter from the defendants' counsel in the Discrimination Action, which she alleges

5

shows that the EEOC was colluding with the defendant's counsel to preclude disclosure of documents relevant to the Plaintiff's discrimination claims. (See the Pl.'s Opp'n Mem. of Law at 1–10.)

The Court finds that that the Plaintiff's claims are moot and therefore, dismisses the action pursuant to Rule 12(b)(1). Accordingly, the Court does not reach the remaining arguments offered by the Defendants.

**A. The Legal Standards**

"'Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (quoting Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see also Robinson v. Gov't of Malaysia, 269 F.3d 133, 141 (2d Cir. 2001) ("Our rule is that, on a 'challeng[e][to] the district court's subject matter jurisdiction, the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits.'") (alterations in original) (quoting parenthetically Antares Aircraft, L.P. v. Federal Republic of Nigeria, 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds*, 505 U.S. 1215, 112 S. Ct. 3020, 120 L.Ed.2d 892 (1992)).

"The federal courts are courts of limited jurisdiction, their powers circumscribed at their most basic level by the terms of Article III of the Constitution, which states that they may hear only 'Cases' or 'Controversies.'" Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet, 260 F.3d 114, 118 (2d Cir. 2001) (quoting U.S. Const. art. III, § 2, cl. 1). At its core,

the "case or controversy" means that, "'at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural.'" Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ., 397 F.3d 77, 84 (2d Cir. 2005) (quoting Russman, 260 F.3d at 118). "When the issues in dispute between the parties 'are no longer 'live,' a case becomes moot." Id. (quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L.Ed.2d 491 (1969)). Thus, "[u]nder Article III of the U.S. Constitution, '[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'" Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80 (2d Cir. 2013) (alteration added) (quoting Fox v. Bd. of Trs. of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994)).

FOIA grants the Court "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

"Because the statute only authorizes a court to 'enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld,' 5 U.S.C. § 552(a)(4)(B), '[o]nce the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.'" Harvey v. Lynch, 123 F. Supp. 3d 3, 7 (D.D.C. 2015) (quoting Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982)).

Accordingly, courts have repeatedly dismissed FOIA actions where, as here, the agency releases all of the disputed records. See, e.g., id. ("As the Court of Appeals has recognized, when the government releases a contested record while a FOIA action is pending, the release 'moots the question of the validity of the original exemption claim.'") (quoting Armstrong v. Executive Office of the President, 97 F.3d 575, 582 (D.C. Cir. 1996)); Muset v. Ishimaru, 783 F.

7

Supp. 2d 360, 372 (E.D.N.Y. 2011) ("Despite the delay, the documents that were the subject of the FOIA request were produced by the IRS, albeit after this action was filed. Therefore, Muset's claim for relief under FOIA became moot when he received the requested documents."); Andersen v. Leavitt, No. CIV A 03-6115 (DRH), 2007 WL 2874838, at *16 (E.D.N.Y. Sept. 27, 2007) ("Because the documents sought by the FOIA request were provided by the Defendants in discovery, Plaintiffs' claim for injunctive relief 'enjoining [the Center] from withholding records so requested' is moot."); Dimodica v. U.S. Dep't of Justice, No. 05 CIV. 2165 (GEL)(FM), 2006 WL 89947, at *3 (S.D.N.Y. Jan. 11, 2006) (Lynch, J) (dismissing FOIA claim as moot where the Department of Justice produced the requested documents after the plaintiff filed his complaint);

However, where a plaintiff's FOIA claim is predicated on allegations that agency did not produce all the documents requested, the claim is not mooted by the agency's production because "in that case a court must still address plaintiff's claim that he should have received additional documents." Dimodica, 2006 WL 89947, at *4; see also Shapiro v. U.S. Dep't of Justice, 37 F. Supp. 3d 7, 18 (D.D.C. 2014) ("Because FBI did not release all responsive documents to Mr. Shapiro, and redacted information from documents that were released, the Court finds that his claims are not moot and that the motion to dismiss under Rule 12(b)(1) is without merit.").

**B. As to the Legal Analysis**

In the present case, the Plaintiff's complaint seeks a declaratory judgment that the EEOC violated FOIA by failing to produce the Plaintiff's case file and directing the EEOC to produce to the Plaintiff the allegedly withheld documents.

It is undisputed that following the initiation of the complaint in this action, the EEOC produced *all* of the pages in the Plaintiff's case file with modest redactions to 3 of the 265 pages

8

that the EEOC produced.  The Plaintiff does not object to the completeness of the production, nor to the modest redactions by the EEOC to three pages of the materials.  Under these circumstances, there is nothing of the underlying FOIA dispute left for the Court adjudicate because the EEOC has already produced what it can, and the Court lacks jurisdiction to compel the EEOC to do anything further.  See Crooker v. U.S. State Dep't, 628 F.2d 9, 10 (D.C. Cir. 1980) ("Once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made."); Lynch, 123 F. Supp. 3d at 7 ("Here, Plaintiff concedes that BOP has produced all the records he seeks, and he does not object to the modest redactions BOP made to one page of those materials. Dkt. 14 at 19–20. Accordingly, there is nothing of the underlying FOIA dispute left for the Court to adjudicate.").

In its opposition brief, the Plaintiff contends that the EEOC's production was "made up." She does not explain why the EEOC would "make up" a case file and send her fake pages in response to her FOIA request.  Further, the EEOC offers a sworn affidavit by Michael Williams, a District Resource Manager at the EEOC, in which he states that the agency released all 235 pages in the Plaintiff's case file.  Thus, the Court finds that the Plaintiff's contention in her response brief that the EEOC sent her "made up" pages to be speculation and clearly not sufficient to raise a question as to the completeness of the EEOC's production.  See Adamowicz v. I.R.S., 672 F. Supp. 2d 454, 465-66 (S.D.N.Y. 2009) ("Plaintiffs' only remaining contention, which the Court derives from a series of disorganized allegations and innuendoes checkered throughout their reply brief, is that the Government had an ulterior motive for auditing the Estate and then subsequently concealed documents from Plaintiffs in order to hide that motive. This unfounded speculation has no basis in fact or law, and these suggestions are insufficient to

9

overcome the presumption that the Government responded to Plaintiffs' FOIA requests in good faith.").

Similarly, here, the Plaintiff suggests in the complaint that the EEOC colluded with the defendant's counsel in the Discrimination Action to withhold producing her case file to aid the defendant's case.  The Court also find this allegation to be totally unsupported and plainly belied by the fact that the EEOC *did* produce *all* of the documents that the Plaintiff requested shortly after she filed the Discrimination Action.

Finally, the Plaintiff asserts that she makes other requests for relief which are not mooted by the EEOC's document production.  Specifically, she asks for an award of attorneys' fees; an injunction against the EEOC from refusing to comply with subsequent requests for similar documents; and the appointment of a Special Counsel to initiate an investigation into the EEOC's actions.  Again, the Court disagrees because it finds the Plaintiff is not entitled to any of these forms of relief under FOIA.

FOIA gives courts the authority to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i).  FOIA further states that a complainant has substantially prevailed "if the complainant has obtained relief through either--(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii).

Here, the Plaintiff did not obtain her EEOC case file through a "judicial order," a "written agreement," a "consent decree," or a "unilateral change in position by the agency."  Rather, she obtained her case file because the EEOC was able to locate the file and voluntarily decided to

10

furnish the case file to the Plaintiff. Thus, she has not "substantially prevailed" within the meaning of FOIA and is not entitled to attorneys' fees. See Union of Needletrades, Indus. & Textile Employees, AFL-CIO, CLC v. U.S. I.N.S., 336 F.3d 200, 206 (2d Cir. 2003) ("[W]hile UNITE may have accomplished the objective it sought to achieve by initiating this FOIA action, its failure to secure either a judgment on the merits or a court-ordered consent decree renders it ineligible for an award of attorney's fees."); Crooker, 628 F.2d at 11 (declining to award attorneys' fees under FOIA where court found that the plaintiff's claims were mooted by the public release of the documents that the plaintiff requested); Andersen v. Leavitt, No. CIV A 03-6115 (DRH), 2007 WL 2874838, at *14 (E.D.N.Y. Sept. 27, 2007) (denying request for attorneys' fees because "there has been no judgment on Plaintiffs' FOIA claim, and since all requested information has either been provided, is exempt from turnover, or is publically available, there cannot be").

   The Plaintiff's request for an injunction precluding the Defendants from refusing to comply with her subsequent requests for other documents is similarly unavailing. As noted above, FOIA limits the Court's jurisdiction to enjoining the agency from withholding the *specific* records requested by the complainant. See 5 U.S.C. § 552(a)(4)(E)(i). It does not authorize the vague injunction against future conduct sought by the Plaintiff. Furthermore, even if it were authorized, the Plaintiff has made no showing that she is entitled to such injunctive relief given that the EEOC has complied with all of its obligations under FOIA by producing the documents requested by the Plaintiff.

   Finally, with regard to the initiation of Special Counsel proceeding, FOIA states:

> Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions

>whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding.

5 U.S.C.A. § 552(a)(4)(F)(i).

The Court has not issued a "written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding," and therefore, the Special Counsel provision is not triggered in this case.

In sum, the Court finds that the Plaintiff's only viable claim for relief under FOIA is her claim seeking an order directing the EEOC to produce her case file. The EEOC has produced her case file. Accordingly, the Court finds her claim to be moot and dismisses her complaint in its entirety for lack of subject matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the Defendants' Rule 12(b)(1) motion to dismiss this action for lack of subject matter jurisdiction is granted and this action is dismissed in its entirety. The Clerk of the Court is directed to close this case.

Dated: Central Islip, New York
July 11, 2016

                                                                 _/s/ Arthur D. Spatt_
                                                                   ARTHUR D. SPATT
                                                     United States District Judge